# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID LOOS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-15-411-R |
| | ) |
| SAINT-GOBAIN ABRASIVES, INC. | ) |
| d/b/a NORTON SAINT-GOBAIN | ) |
| (a/k/a NORTON ABRASIVES), and | ) |
| NORTON SAINT-GOBAIN a/k/a | ) |
| NORTON ABRASIVES, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Before the Court is Defendants' motion for leave to join third-party defendants. Doc. No. 25. Plaintiff responded in opposition to the motion. Doc. No. 26. Plaintiff brings suit against Defendants for strict products liability and negligence, seeking to recover damages for injuries resulting from the shattering of a high speed Cut-Off Wheel that he alleges Defendants defectively manufactured and placed into the stream of commerce. Compl. 1, 5-6. In the course of discovery Defendants learned that, at the time of his injury, Plaintiff was using the product in the scope of his employment with Carl Loos Rentals, and the product was owned by that employer. Doc. No. 25, ¶¶ 6-7. Defendants also learned that Carl Loos Rentals was a sole proprietorship and its property was transferred without consideration to Mid-America Investment Properties, a company controlled by Jacqueline Loos. *Id.* ¶ 9.

Defendants seek to file a third-party complaint against "The Estate of Carl Loos, individually and d/b/a Carl Loos Rentals and Jacqueline Loos, individually and d/b/a Carl Loos Rentals and d/b/a Mid America Investment Properties as successor in interest to Carl Loos Rentals." *Id.* at 1.[1] Plaintiff asserts that because Mid-America Investment Properties is a valid business entity into which Jacqueline Loos' asserts were transferred, it is unnecessary to name Ms. Loos individually. Doc. No. 26, at 2. He also correctly points out that Defendants have not set forth a theory of liability against the proposed third-party defendants. *Id.*

Under Rule 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). "But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* Because more than fourteen days have passed since they served their answer, Defendants must obtain the Court's leave prior to filing its third-party complaint. Doc. No. 25, ¶ 13.

"The granting of leave for a defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court." *First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992) (citation omitted). The Court must determine, prior to granting such a motion, that a defendant may be entitled to

---

[1] If Defendants file an amended motion under Rule 14(a)(1), they should make clear the particular parties against which they seek to file a third-party complaint. For example, the caption of their motion states that they seek to add "Jacqueline Loos, individually;" but the body of their motion does not include a request to add Ms. Loos in her individual capacity. *See* Doc. No. 25, at 1, 6 (¶ 29). Numbering each proposed third-party defendant would assist the Court in determining whether to permit impleader.

relief against the proposed third-party defendants. "If there is no right to relief under the substantive law, impleader is improper." *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983) (citing 6 Wright & Miler § 1446 at 248-50 (1971)). Because Defendants have not explained their theory of liability against the proposed third-party defendants, the Court is unable to determine if impleader is proper.[2]

In accordance with the foregoing, Defendants' motion for leave to join third-party defendants, Doc. No. 25, is DENIED without prejudice as to filing an amended motion under Rule 14(a)(1), which would include a potential theory of liability.

IT IS SO ORDERED this 26th day of June, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Defendants state that "[t]he proposed third party complaint sounds in contribution, a type of derivative liability recognized by law both in Pennsylvania and Oklahoma." Doc. No. 25, at 15. However, as the case Defendants cite in support of this assertion states, "[i]mpleader is available only if there is an underlying substantive basis for the third-party plaintiff's claim," *Circuit City Stores, Inc. v. Citgo Petroleum Corp. v. Mobil Oil Corp.*, No. CIV.A.92-CV-7394, 1994 WL 483463, at *3 (E.D. Pa. Sept. 7, 1994) (citation omitted), and Defendants have not provided that underlying substantive theory of liability.