IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID LOOS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-411-R |
| | ) | |
| **SAINT-GOBAIN ABRASIVES, INC.,** | ) | |
| **d/b/a NORTON SAINT-GOBAIN** | ) | |
| **(a/k/a NORTON ABRASIVES); and** | ) | |
| **NORTON SAINT GOBAIN a/k/a** | ) | |
| **NORTON ABRASIVES,** | ) | |
| | ) | |
| Defendants; | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **SAINT-GOBAIN ABRASIVES, INC.,** | ) | |
| **d/b/a NORTON SAINT-GOBAIN** | ) | |
| **(a/k/a NORTON ABRASIVES); and** | ) | |
| **NORTON SAINT GOBAIN a/k/a** | ) | |
| **NORTON ABRASIVES,** | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **THE ESTATE OF CARL LOOS,** | ) | |
| **INDIVIDUALLY and d/b/a CARL** | ) | |
| **LOOS RENTALS; JACQUELINE** | ) | |
| **LOOS, INDIVIDUALLY and d/b/a** | ) | |
| **CARL LOOS RENTALS and d/b/a** | ) | |
| **MID AMERICA INVESTMENT** | ) | |
| **PROPERTIES, ALL AS** | ) | |
| **SUCCESSORS IN INTEREST TO** | ) | |
| **CARL LOOS RENTALS and MID** | ) | |
| **AMERICA INVESTMENT** | ) | |
| **PROPERTIES** | ) | |
| | ) | |
| Third Party Defendants. | ) | |

1

# **ORDER**

Three motions are before the Court. Defendant Saint-Gobain Abrasives, Inc. ("Saint-Gobain") has filed a Motion for Summary Judgment (Doc. No. 89). Saint-Gobain has also filed a Motion to Exclude Testimony of Plaintiff's Expert William Munsell, Jr., P.E. (Doc. No. 88). Third Party Defendants The Estate of Carl Loos, Individually and d/b/a Carl Loos Rentals; Jacqueline Loos, Individually, and d/b/a Carl Loos Rentals and d/b/a Mid America Investment Properties, all as successors in interest to Carl Loos Rentals and Mid America Investment Properties ("Carl Loos Rentals") have filed a Motion for Summary Judgment as well (Doc. No. 85). The Court finds that resolution will be most expeditious with entry of a single order.

Having considered the parties' submissions, the Court GRANTS Carl Loos Rentals's Motion for Summary Judgment, DENIES Saint-Gobain's Motion to Exclude the Testimony of Plaintiff's Expert, and in turn, DENIES Saint-Gobain's Motion for Summary Judgment.

## I. Factual and Procedural Background

This case arises out of a products liability dispute. Plaintiff David Loos was attempting to convert a Chevrolet Suburban from diesel to gasoline in December 2011 in Edmond, Oklahoma, when he cut into the truck's aluminum fuel line using an air-powered cut-off tool. That tool was owned by Third Party Defendant Carl Loos Rentals, a residential real estate business and sole proprietorship owned by Mr. Loos's father, Carl Loos, before his death. The tool was equipped with a

2

metal cut-off wheel—the instrument at the center of this case—which was manufactured by Defendant Saint-Gobain. Cut-off wheels are thin, disc-shaped devices composed of abrasive materials and are commonly used to cut and grind a range of materials. When Mr. Loos cut into the aluminum fuel line, the cut-off wheel shattered, shooting a metal shard up the right side of his face and into his right eye. He seeks damages for his injuries, including blindness and scarring, and asserts two claims. First, Mr. Loos seeks to hold Saint-Gobain liable under a theory of strict products liability, arguing his injury was the result of a defectively manufactured wheel. Second, he contends that Saint-Gobain was negligent in designing and manufacturing the wheel.

Saint-Gobain, in turn, denies all liability and has brought claims for indemnification and contribution against Carl Loos Rentals, Mr. Loos's father's business, which owned and supplied the tool to Mr. Loos. Saint-Gobain alleges that Carl Loos Rentals negligently configured the tool after it was purchased and failed to properly instruct Mr. Loos on how to use the cut-off wheel, directly resulting in Mr. Loos's injuries. Mr. Loos, however, asserts no claims against Carl Loos Rentals or any party other than Saint-Gobain.

Saint-Gobain has also moved to exclude the testimony of Mr. Loos's expert witness and for summary judgment as to both of Mr. Loos's claims. As Saint-Gobain's Motion for Summary Judgment hinges on the admissibility of Mr. Loos's expert's testimony, the Court first turns to that issue.

## II. The Court denies Plaintiff's Motion to Exclude Expert Testimony.

Saint-Gobain moves to exclude the opinions and testimony of Mr. Loos's expert, William P. Munsell, under Federal Rule of Evidence 702. Specifically, Saint-Gobain objects to Mr. Munsell testifying that (1) the cut-off wheel contained a manufacturing defect; (2) neither improper assembly of the cut-off wheel to the grinding tool nor use of the wheel at excess speeds caused the accident; and (3) the use of a guard or other safety procedures would not have prevented Mr. Loos's injuries.

### A. The *Daubert* Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It provides that

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

This basic "gatekeeping role" of the Court involves two parts. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Court first determines whether the expert is qualified "by knowledge, skill,

experience, training, or education" to render an opinion. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (quoting Fed.R.Evid. 702). Then, if the expert is qualified, the Court decides whether the testimony is reliable by assessing its underlying reasoning and methodology. *Id.* The offered testimony "must be based on scientific knowledge, which 'implies a grounding in the methods and procedures of science' based on actual knowledge, not 'subjective belief or unsupported speculation.'" *Dodge v. Cotter Corp.,* 328 F.3d 1212, 1222 (10th Cir. 2003) (quoting *Daubert*, 509 U.S. at 590). Further, "[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 147, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). Granted, a plaintiff "need not prove that the expert is undisputably correct or that the expert's theory is generally accepted in the scientific community." *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004) (internal quotations and citations omitted). But he still "must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirement." *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004) (internal quotations and citations omitted). Above all, "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." Fed.R.Evid. 702 advisory committee's note (quoting *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996)).

## B. The Court finds Mr. Munsell's Tests to be sufficiently reliable under *Daubert*.

Saint-Gobain does not contest the experience and qualifications of Mr. Munsell.[1] Their bone of contention instead lies with the methodology and reliability of his tests. Mr. Munsell's Rule 26 Expert Report describes the twenty-five experiments he performed to test whether the wheel shattered due to the speed setting of the hand tool, the angle at which the wheel was mounted, a defect in the wheel, or a combination of these factors. He also found that the exposed cross-section of one of the wheel fragments was coated with a "mass of material that is inconsistent with the abrasive particle/bond material matrix that otherwise characterizes" the wheel's makeup. This observation of the "amber-colored resin and short, irregular fibers" on the fractured wheel's edge—combined with the deposition testimony of Saint-Gobain's expert that a cut-off wheel would typically not include such material—led Mr. Mundell to conclude that the foreign material in the wheel likely acted as a pre-existing crack that reduced the wheel's strength. Mr. Munsell thus found that "the manufacturing defect in the cut-off wheel was more probably than not a causative factor in the failure of the wheel and the subsequent injury to Mr. Loos." Munsell Report at 7.

---

[1] At any rate, the Court finds Mr. Munsell sufficiently qualified for purposes of Fed.R.Evid. 702. Munsell, a licensed professional engineer, holds a Bachelor's degree in mechanical engineering, a Master's degree in the history of science technology and medicine, and four U.S. patents. He is currently working on a PhD that focuses on the history of safe industrial design and manufacturing practices in the United States. His professional experience includes conducting failure analyses on cut-off wheels, and he has worked for manufacturers and consulting firms for twenty-five years designing tests and equipment and performing failure analysis of industrial equipment and components.

Nonetheless, Saint-Gobain argues that Mr. Munsell's testimony should be excluded because Mr. Munsell's tests were not representative of the accident. Specifically, they argue that the testimony is inadmissible because Mr. Munsell (1) tested the speed of both the grinding tool used by Mr. Loos and an exemplar tool without a mounted cut-off wheel; (2) failed to test the hand tool's speed for a "substantial period;" (3) neglected to cut any metal fuel lines or other objects, (4) failed to test the combined effects of excess speeds, improper mount, and a worn wheel together; and finally, (5) did not determine what the alleged foreign substance found on the fractured cut-off wheel was, whether it could cause shattering, or whether a defect existed in other wheels.

The Court nonetheless finds that Mr. Munsell's testimony is admissible under *Daubert* because his conclusions are based on "valid reasoning and reliable methodology." *Dodge*, 328 F.3d at 1226. Mr. Munsell's report describes in detail the twenty-five tests he performed along with his measurements, calculations, and the basis of his conclusion and opinions. His tests were intended to isolate and gauge the effects of the very factors Saint-Gobain argues caused the wheel to shatter. His tests repeatedly produced consistent results. And his tests will help the jury to understand whether any part of the wheel failure was due to the air-powered tool's speed setting, the angle at which the cut-off wheel was mounted, or the presence of a foreign material in the wheel. To the extent Saint-Gobain contests whether the tests actually recreated the conditions of the accident, those are concerns better brought out at trial. Nothing precludes Saint-Gobain from

engaging in "[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof"—"the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596.

## III. Motions for Summary Judgment

Having denied Saint-Gobain's *Daubert* motion, the Court turns to the pending motions for summary judgment.

### A. The Summary Judgment Standard

"'The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) (internal quotation marks omitted). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (alteration and internal

quotation marks omitted); *see also Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) ("If the movant carries this initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." (internal quotation marks omitted)). In short, the Court must inquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52. While the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**B. The Court denies Saint-Gobain's Motion for Summary Judgment.**

Saint-Gobain seeks summary judgment on Mr. Loos's claims against it for manufacturers' products liability and negligence. For the reasons set out below, the Court denies Saint-Gobain's Motion for Summary Judgment on both claims.

Under Oklahoma law, a plaintiff in a strict products liability suit against a manufacturer must prove that (1) a defective product caused the plaintiff's injury; (2) the defect existed in the product at the time it left the manufacturer's control; and (3) the defect made the product unreasonably dangerous. *Holt v. Deere & Co.*, 24 F.3d 1289, 1292 (10th Cir. 1994) (citing *Kirkland v. General Motors Corp.*,

9

521 P.2d 1353, 1363 (Okla. 1974)). Injury alone is not proof of a defective product, and proof of an incident and injury do not shift the burden to the defendant. *Green v. Safeway Stores, Inc.*, 541 P.2d 200, 202 (Okla. 1975).

The Court denies Saint Gobain's Motion for Summary Judgment because, simply put, factual disputes abound. As explained above, Mr. Loos has presented evidence that the wheel contained a defect when it left the manufacturer and that defect caused the wheel to fail. Further, a dispute exists as to whether the defect made the cut-off wheel unreasonably dangerous, or dangerous "beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." *Smith v. Cent. Mine Equip. Co.*, 559 Fed. Appx. 679, 687 (10th Cir. 2014) (quoting *Woods v. Fruehauf Trailer Corp.*, 765 P.2d 770, 774 (Okla. 1988)). Mr. Munsell testified that the defect would have been hidden from Mr. Loos, and a question remains as to the adequacy of the warnings that were on a printed label on the side of the wheel. Plaintiff offers evidence that the warnings were inadequate because they were illegible and worn away as a result of the wheel's repeated use. Construing the evidence in the "light most favorable to the non-moving party," *Scott,* 550 U.S. at 378, the Court determines that genuine issues of material fact remain as to Mr. Loos's strict products liability claim.

The Court likewise denies Saint-Gobain's Motion for Summary Judgment as to Mr. Loos's negligence claim.

Under a negligence claim for a defective product, the question is whether the defendant exercised reasonable care in producing the product. *Bruce v. Martin-Marietta Corp.*, 544 F.2d 442, 445 (10th Cir. 1976). Here, both parties' experts are in disagreement as to whether Saint-Gobain was negligent in allowing any foreign material to enter the manufacturing process. Mr. Munsell testified that a foreign material must have entered the manufacturing process in order to become lodged in the abrasive mix composing the cut-off wheel. Saint-Gobain, on the other hand, has presented evidence that the foreign material does not indicate a defect at all. Rather, it argues, the material adhered to the fractured wheel only after it shattered. Summary judgment as to Mr. Loos's claim for negligence is thus inappropriate.[2]

### C. The Court grants Carl Loos Rentals's Motion for Summary Judgment.

Saint-Gobain seeks contribution or indemnity in the event they are found liable to Mr. Loos under a theory of manufacturers' products liability or negligence. According to Saint-Gobain, Carl Loos Rentals was the sole cause of Mr. Loos's injuries and should thus be held liable for negligently configuring the cut-off wheel to the air-powered tool and failing to properly instruct Mr. Loos on how to use the wheel.

---

[2] While Mr. Loos's Complaint also includes a claim for punitive damages, he now concedes that there is no evidence of conduct that would warrant punitive damages under Oklahoma law and has withdrawn that claim. Summary judgment on that issue is thereby denied as moot.

For the reasons set forth below, Carl Loos Rentals's Motion for Summary Judgment is granted as to both claims.

### 1. Saint-Gobain's claim for contribution is not legally viable.

Though Saint-Gobain asserts claims for both contribution and indemnification, understanding the difference between the two claims is necessary to dispose of each in this case.

Contribution allocates loss among *joint tortfeasors*, W. Prosser, The Law of Torts § 50 (4th ed. 1971), and its application is governed in Oklahoma by statute. Okla. Stat. Ann. tit. 12 § 832(A) creates a right of contribution among "two or more persons who become jointly or severally liable in tort for the same injury to person or property." But as § 832(B) explains, contribution is only appropriate where a defendant has had to pay for more than its share of liability:

> The right of contribution exists solely in favor of a tort-feasor who has *paid more than their pro rata share* of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of their pro rata share. No tort-feasor is compelled to make contribution beyond their pro rata share of the entire liability.

(emphasis added). When the statute speaks of a "pro rata share," it simply means "proportionate, as based on one's degree of fault." *National Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc.*, 784 P.2d 52, 57 (Okla. 1989). In other words, contribution is appropriate only when a *joint tortfeasor* is forced to pay for more than his *proportional share* of liability. As a threshold matter, then, Saint-

Gobain's claims for contribution should fail because it alleges that the acts and omissions of Carl Loos Rentals were the *sole cause* of Mr. Loos's injuries. If Carl Loos Rentals was indeed the sole cause of the accident, then contribution is inappropriate, as it applies only in cases involving joint tortfeasors.

Yet even if Saint-Gobain could prove that Carl Loos Rentals was at fault, its contribution claim would fail for other reasons. For starters, a defendant manufacturer sued under strict products liability cannot then escape liability by arguing that a third party defendant was negligent. The Oklahoma Supreme Court has been explicit: "[t]raditional negligence concepts should not, and do not, apply" in manufacturers' products liability cases. *Kirkland*, 521 P.2d at 1365. Put simply, with regard to the manufacturers' products liability claim, any negligence by Carl Loos Rentals will neither absolve Saint-Gobain of liability nor entitle it to contribution from Carl Loos Rentals.

In fact, *Stokes v. Lake Raider, Inc*. involved claims nearly identical to the ones before the Court today. 2014 WL 7375634, *3 (E.D. Okla. Dec. 29, 2014). There, a manufacturer, defending on a strict products liability claim, contended that the dealer of its allegedly defective product was liable for indemnification or contribution because it had failed to advise the plaintiff on ways to make the product safe. *Id*. The court, relying on *Kirkland*, dismissed that argument because "the Oklahoma Supreme Court made it abundantly clear" that in strict products liability cases "[t]he fact another party may have been negligent in the

performance of its obligations, whether closer in time to the accident or not, does not affect" a manufacturer's liability. *Id*.

Nor would Saint-Gobain be entitled to contribution if it was found liable under a theory of negligence rather than strict products liability. While Saint-Gobain claims it could be forced to pay for more than its proportionate share of liability if it is found negligent, any possibility of this lapsed upon Oklahoma's 2011 amendment to its joint liability statute. With this amendment, the state legislature abolished joint and several liability in favor of several liability only. Now, under Oklahoma law,

> In any civil action based on fault and not arising out of contract, the liability for damages caused by two or more persons shall be several only and a joint tortfeasor shall be liable only for the amount of damages allocated to that tortfeasor.

Okla. Stat. Ann. tit. 23, § 15. Because the right to contribution requires that a tortfeasor has had to pay for more than its share of liability, contribution cannot be appropriate for Saint-Gobain: Oklahoma's several liability statute now apportions liability by degree of fault rather than imposing joint liability.

And at any rate, Saint Gobain's claim that the jury could not attribute any responsibility to Carl Loos Rentals if it was dismissed from the case is without merit. The Oklahoma Supreme Court has made clear that "the negligence of tortfeasors not parties to the lawsuit should be considered by the trial jury in order to properly apportion the negligence of those tortfeasors who are parties." *Myers v. Missouri Pacific R. Co.*, 52 P. 3d 1014, 1030 (Okla. 2002) (internal quotes

omitted). This rule exists "to reduce [a defendant's] potential liability where the negligence of one or more 'ghost tortfeasors' contributed to the plaintiff's damages." *Id.*; *see also Thomas v. E-Z Mart Stores, Inc.*, 102 P.3d 133, 138 (Okla. 2004) (acknowledging the "general proposition that a tort defendant may predicate its defense on a non-party's negligence). Dismissal of Carl Loos Rentals will not increase Saint-Gobain's liability.

### 2. Saint-Gobain's claim for indemnification fails as a matter of law.

Finally, Saint-Gobain's indemnification claim falters as well. While contribution apportions pro rata shares among joint tortfeasors, indemnification shifts the entire loss. W. Prosser, The Law of Torts § 51 (4th ed. 1971). In short, there is no piecemeal indemnification. Instead, "[t]he general rule of indemnity is that one without fault, who is forced to pay on behalf of another, is entitled to indemnification." *National Union Fire,* 784 P.2d at 54. This right to indemnification may arise in two ways: "out of an express (contractual) or implied (vicarious) liability." *Id.* That said, "Oklahoma case law has always premised this right of indemnity on the understanding that a *legal relationship* exists between the parties." *Id.* (emphasis added); *see also Sinclair Oil Corp. v. Texaco, Inc.*, 94 Fed. App'x 760, 768 (10th Cir. 2004) (emphasis added) (rejecting the contention that Oklahoma indemnification law does not require a legal relationship between the parties).

Here, the parties agree that no express agreement exists between Saint-Gobain and Carl Loos Rentals to indemnify. Saint-Gobain's indemnification claim, then, is only valid if it arises from common law. In effect, there must be some legal relationship between Carl Loos Rentals and Saint-Gobain. Here, that relationship is lacking. A manufacturer like Saint-Gobain is of course required by law to indemnify a dealer for losses stemming from a defective product. Okla. Stat. Ann. tit. 12, § 832.1. But the Court is unaware of any case where a manufacturer of an allegedly defective product successfully asserted a common law indemnification claim against an owner, consumer, or purchaser of the product. The reason for this is simple: "[a] products liability theory does not supply the required relationship" for indemnification. *White Elec. Services, Inc. v. Franke Food Service Systems, Inc.*, 2010 WL 1542575, *2 (N.D. Okla. Apr. 15, 2010). To hold otherwise would be circular: "a claim for indemnification cannot form the legal relationship upon which a claim for indemnification must be based. The legal relationship must have existed before the potential indemnification claim arose." *Id.* at n.3.

Further, indemnification would still be inappropriate if Saint-Gobain is found to be negligent. The Oklahoma Supreme Court has clarified that in the case of concurrent or joint tortfeasors, each of which has no legal relation to one another and which owes the same duty to the injured party, "no right of indemnity exists on behalf of either against the other." *National Union Fire,* 784 P.2d at 55.

At bottom, Plaintiff's claims for both manufacturers' products liability and negligence are grounded solely upon the direct actions of Saint-Gobain regarding the *manufacturing* of the wheel. They are certainly not asserted against Saint-Gobain based on any legal relationship, constructive or otherwise, it has with Carl Loos Rentals. If Saint-Gobain is found liable, it will not be based upon the tortious conduct of Carl Loos Rentals or any other party.

IV. **Conclusion**

For the foregoing reasons, Carl Loos Rentals Motion for Summary Judgment (Doc. No. 85) is GRANTED. Saint-Gobain's Motions to Exclude the Testimony of Plaintiff's Expert William Munsell (Doc. No. 88) and Motion for Summary Judgment (Doc. No. 89) are DENIED.

IT IS SO ORDERED this 19th day of September, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE